IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHANG SHAN LIU, | : | HON. JEROME B. SIMANDLE |
| Petitioner, | : | Civil No. 11-4646 (JBS) |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**SIMANDLE**, Chief Judge:

Petitioner Chang Shan Liu, on August 11, 2011, filed the present petition to set vacate, set aside or correct his sentence of 135 months' imprisonment imposed by this Court imposed on July 31, 2007 in United States v. Hsu et al., No. 05-00355 (D.N.J. filed May 10, 2005).  The United States has moved to dismiss Petitioner's § 2255 motion due to untimeliness. [Docket Item 9]. This Court finds as follows:

1.  On July 31, 2007, this Court imposed a sentence of 135 months' imprisonment on Petitioner.  Hsu, No. 05-00355.  On August 9, 2007, Petitioner filed a Notice of Appeal.  Id.  On December 3, 2008, "[b]ecause [Petitioner] executed a valid appellate waiver, [the Third Circuit] decline[d] to exercise . . . jurisdiction to hear [his] appeal," and "affirm[ed] the District Court's judgment in all respects."  United States v. Chang Shan Liu, 317 F. App'x 166, 167, 169 (3d Cir. 2008).

1

2.  On July 28, 2011, Petitioner sent a letter to this Court requesting an extension to file a § 2255 petition.  Hsu, No. 05-00355, Docket Item 226.  On August 11, 2011, Petitioner filed the instant petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, asserting ineffective counsel and forgery of his signature.  [Docket Item 1].  Additionally, Petitioner argues that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations to file a request for relief under § 2255 should be tolled.

3.  The AEDPA places strict limitations on habeas petitions, providing a prisoner with just one year to file a request for relief under § 2255.  Smith v. United States, Civ. No. 07-3478, 2007 WL 2212715, at *2 (D.N.J. July 25, 2007).  Section 2255 provides that the one-year limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Petitioner has not alleged that governmental

action prevented his motion, that a right has been newly recognized by the Supreme Court, or that later facts were discovered supporting his claim. Therefore, the one-year limitations period began to run from the date on which the judgment of conviction became "final."

4. Section 2255 does not define what makes a conviction "final," but several courts in the Third Circuit have addressed the issue, holding that a conviction becomes final either 1) when time runs out to appeal after a sentencing (previously ten business days), or if the petitioner does appeal, 2) when time runs out to seek a writ of certiorari (ninety days after decision by appellate court). See Kapral v. United States, 166 F.3d 565, 576 (3d Cir. 1999); Smith, 2007 WL 2212715, at *3; Dietsch v. United States, 2 F.Supp. 2d 627, 635-36 (D.N.J. 1998). Here, the Third Circuit declined to exercise jurisdiction to hear Petitioner's appeal and affirmed the District Court's judgment on December 3, 2008. See Liu, 317 F. App'x at 167, 169. Thus, Petitioner's judgment of conviction became final on March 2, 2009, the day his time to file a petition for a writ of certiorari expired. Consequently, the last day for Petitioner to timely file his § 2255 motion was March 2, 2010. Petitioner's § 2255 motion is dated August 4, 2011 and was filed August 11, 2011. Therefore, the Petitioner's § 2255 motion is untimely and beyond the one-year statute of limitations.

5.  Petitioner argues, though, that the limitations period should be tolled because he was never notified that his appeal had been denied and that he "was prevented from having access to his legal files" because he was "kept in the dark by [his] former defense attorney."  Petition at 1; Response to Mot. at 1.  "A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Dietsch, 2 F.Supp. 2d at 635 (noting that courts have held that the limitations period may be tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time").  Equitable tolling is a remedy which should be invoked "only sparingly."  United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998); see also Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (holding that "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice").

6.  Petitioner asserts that his former attorney failed to inform him that his appeal was denied and failed to supply him with his legal files.  The Third Circuit, however, has held that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary'

4

circumstances required for equitable tolling." <u>Fahy v. Horn</u>, 240
F.3d 239, 244 (3d Cir. 2001); <u>see also</u> <u>Jackson v. Astrue</u>, 506
F.3d 1349, 1355 (11th Cir. 2007) (noting that equitable tolling
is not available if the untimeliness is a consequence of a
lawyer's mistake or negligence).  The Court therefore concludes
that these allegations are not a basis for equitable tolling
here.

    7.  Petitioner further alleges that his former attorney
forged his signature on his "application for permission to enter
plea of guilty."  Response to Mot. at 1.  "Traditional equitable
tolling principles require that the [Petitioner] demonstrate
extraordinary circumstances, such as fraud, misinformation, or
deliberate concealment."  <u>Jackson</u>, 506 F.3d at 1355.  Thus,
Petitioner's former attorney's alleged fraudulent action in
forging Petitioner's signature on his guilty plea application is
a sufficient basis to find extraordinary circumstances in this
case.

    8.  In addition to demonstrating the existence of
extraordinary circumstances, "[P]etitioner must [also] show that
he . . . exercised reasonable diligence in investigating and
bringing [] claims."  <u>Jones</u>, 195 F.3d at 159.  The Government
argues that "the delay of approximately 14 months between June

2010,[1] the date when Liu . . . learned of the denial of his appeal, and August 2011, when Liu filed the instant 2255 petition," does not demonstrate the Petitioner "acted diligently." Respondent's Mot. at 8.

9.   While it is undisputed there was a fourteen month delay in filing the instant petition, the Court nevertheless finds that the Petitioner has demonstrated that he diligently pursued his § 2255 petition.  The Petitioner, contrary to the government's argument, did not sit idly by for this fourteen month period. First, he made numerous attempts to contact counsel.  Then the Petitioner filed a complaint with the Departmental Disciplinary Committee, Supreme Court, Appellate Division in New York State. He was advised by the Chief Counsel of this agency that his claims against his attorney could form the basis for an appeal. The Petitioner then made attempts to retrieve his case file from his counsel to no avail.  The Petitioner then wrote a letter to this court seeking assistance in recovering his legal file in order to determine if he had a basis for this petition.  Hsu, No. 05-00355, Docket Item 226.  It was only pursuant to an order of this court that the Petitioner finally received his file and allegedly discovered that his signature had been allegedly forged

---

[1]   Petitioner notes in his June 29, 2011 letter to this Court that he "found out the result [of his appeal] on [his] own research at the law library . . . at Cumberland, Md., in June, 2010.  Respondent's Ex. A.

on his guilty plea application.  [Docket Item 5.]  The Petitioner then diligently filed the instant application within two weeks of the court's response to his letter.  [Docket Item 1.] Therefore, the court is satisfied that the Petitioner exercised reasonable diligence in investigating and bringing his claims and his petition should not be barred by the statute of limitations.

10.  Accordingly, the government's motion to dismiss is denied as the court concludes that equitable tolling is appropriate and the Petitioner's § 2255 application for post conviction relief will be deemed timely, and the accompanying Order is entered.

11.  The Court does not address the merits, if any, of the petition at this time.  The Respondent shall file its answer to the Petition within 45 days hereof.


**May 14, 2012**             **_s/ Jerome B. Simandle_**
Date                         JEROME B. SIMANDLE
                             Chief United States District Judge